IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:20-cr-00021 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRAXTON LOUIS DANLEY ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Braxton Louis Danley's motion to modify the conditions of his supervised release. (Dkt. No. 88.) Both the government and the probation office do not oppose the requested modification. The court finds that a hearing is not necessary and will grant Danley's motion.[1]

I. BACKGROUND

Danley pleaded guilty to one count of cyberstalking. (Dkt. No. 69.) On February 1, 2022, the court sentenced Danley to 28 months of imprisonment, followed by three years of supervised release. (Dkt. No. 85.) One of the special conditions of supervised release was the requirement that Danley participate in a community confinement program for a period of six months and to abide by all program requirements. (*Id.*)

As anticipated, Danley's federal sentence was satisfied immediately due to the time he spent in pretrial custody. Danley had a state detainer on a probation violation that was resolved on March 3, 2022, and he was released from custody soon after. On March 30, 2022, Danley was placed in the federal community confinement program in Newport News, Virginia. An unforeseen consequence of Danley reaching the halfway house through supervised release, rather than as part of a federal sentence, is that he has not been eligible for mental health treatment provided by the

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not object. Fed. R. Crim. P. 32.1(c)(2).

Bureau of Prisons.  Thus, Danley requests modification of his conditions of supervised release to allow early departure from community confinement.

Since he was sentenced, Danley has maintained a job and saved money.  Danley also reconciled with his mother and has a place to live in Stanley, Virginia; with his mother and his stepfather.  Through his stepfather, Danley would have job prospects in Stanley in the construction industry.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(2), a court may, after considering certain of the factors set forth in 18 U.S.C. § 3553(a), modify or reduce the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release.  Such factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

Danley has received the anticipated benefits of living in a structured environment for five of the expected six months required by his sentence.  As noted, Danley got a job, saved money, and has a secure place to live upon his release from community confinement.  Moreover, Danley has significant mental health issues, so his inability to obtain treatment is a factor in favor of his early release.  Danley has applied for Medicaid so he can receive mental health treatment through the local community services board.  Finally, Danley explains that the situation at the halfway house has become stressful for him, he has difficulty sleeping, and his anxiety level has increased.  Since Danley has served almost all of the required time in community confinement, the need for deterrence is not undermined, whereas Danley's history and characteristics strongly support early departure.

III.  CONCLUSION

For the foregoing reasons, the court will grant Danley's motion to modify the conditions of his release.  The court will issue an appropriate order.

Entered: September 9, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3